**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDRES VASQUEZ,

      Petitioner-Appellant,

v.

T.C. PETERSON, Warden,

      Respondent-Appellee.

No. 05-6041

(W.D. of Okla.)

(D.C. No. CV-04-0948-HE)

**ORDER AND JUDGMENT** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Andres Vasquez, a prisoner appearing pro se, was found guilty of possessing a weapon in his cell in violation of prison regulations after a disciplinary hearing. As punishment, Vasquez received 45 days segregation, 40 days loss of good conduct time, 180 days loss of commissary privileges, and 365 days loss of job. Vasquez filed a 28 U.S.C. § 2241 petition wherein he claimed

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the disciplinary hearing violated his due process and equal protection rights. Upon recommendation of the magistrate judge, the district court denied the petition on the merits. We agree with the district court that Vasquez received adequate due process protections under *Wolfe v. McDonnell*, 418 U.S. 539 (1974), and that the prison did not violate his equal protection rights.

1.

The magistrate judge's thorough ruling sets forth the facts and applicable legal principles. Since the parties are familiar with the court's order, we will not repeat it here. Vasquez alleged his due process rights were violated in three ways. First, Vasquez claims the prison violated his right to a staff representative, *see Wolfe, supra*, since the representative was not available during all phases of the disciplinary proceeding. The magistrate judge found that because a staff representative requested by Vasquez was present during the disciplinary proceeding, Vasquez's rights were not violated. The absence of a representative during the preliminary investigation and a prehearing meeting did not violate Vasquez's rights because it had no bearing on Vasquez's ability to understand and respond to the charges brought at the disciplinary hearing.

Vasquez's second claim is that he was denied the right to call his cellmate as a witness at the hearing. The magistrate judge rejected this claim because the cellmate was interviewed and his statements were made a part of the disciplinary

record.  In addition, Vasquez called witnesses during the disciplinary hearing and witnesses who were unavailable to attend the hearing provided written statements. Thus, there was no prejudice to Vasquez arising from the witnesses' absence.

Finally, Vasquez claims there was insufficient evidence presented at the hearing to find him guilty.  The magistrate judge, however, determined that at least "some evidence" supported the disciplinary hearing officer's conclusion that Vasquez possessed the weapon.    *See Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) (finding "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board").  In particular, the hearing officer relied on the testimony of investigatory personnel and Vasquez's cellmate to conclude that Vasquez knew the weapon was in his cell.

Consequently, we agree with the district court that there was no due process violation.

## 2.

Vasquez also argues the prison violated his equal protection rights by finding his cellmate not guilty of possession of the weapon despite the fact that the two shared the area of the cell in which the weapon was discovered.  The magistrate judge found this claim to be baseless because Vasquez's cellmate was

also found guilty of possessing a weapon and received a punishment similar to Vasquez.

After consideration of the materials submitted by Mr. Vasquez, it is apparent that the conclusions of the magistrate judge set forth in her thorough report and recommendation are correct. For the reasons set forth above as well as those set forth by the magistrate judge, we affirm.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge